### No. 6689.

### HENRY ELLERMAN VS. JOHN MCMAINS ET AL.

A municipal corporation authorized by its charter to construct wharves on its river front, and impose wharfage dues for the use of its wharves, has the right to collect such dues, proportioned to the vessel's tonnage, on all vessels that land at, and make use of the wharves constructed by such corporation. The collection of such dues does not violate any provision of the constitution of the United States.

Where a municipal corporation, under the express authority of an act of the Legislature, is clothed with the exclusive right to collect wharfage rates from all vessels that shall make use of its wharves, the right is a vested right, and can not be abrogated, or impaired, by any subsequent act of the Legislature.

APPEAL from the Third Justice's Court, parish of Orleans.   *Laresche,* J.

*F. D. King* for plaintiff and appellee.

*Chas. S. Rice* for defendant.

The opinion of the court was delivered by

MANNING, C. J.   The defendants are the owners of the steamboat Martha, which was wholly built in this State within seven years last

past, and is of more than one hundred tons measurement.   The plaintiff, as lessee of the City of New Orleans of the wharves on the Mississippi river in its front, claims fifty-six dollars from the boat and its owners for the use of the wharves.   The defendants claim exemption from liability for these charges under an Act of 1874, wherein it is enacted that any steamboat or other water craft, wholly built in the State of Louisiana, of more than one hundred tons measurement, shall not pay to any corporation fees for wharfage, provided that such exemption shall not extend beyond seven years from completion or registration of the vessel.   Acts, p. 261.   The plaintiff alleges the unconstitutionality of that act.   The court so adjudged, and the defendants appeal.

The right of the City to establish charges for the use of the wharves constructed by her was conferred in the charter of 1836.   Acts, pp. 33, 36.   Similar grants of power were made in 1870, Acts, ex. sess. p. 35, and in 1871, Acts p. 147.   Large sums have been expended by her authorities in the construction and repair of the wharves, and it is now no longer disputed that where the charge made by the corporation is for services rendered, or for conveniences provided, it can be lawfully imposed.   The Supreme Court of the United States say in a recent case ;—where a municipal corporation of a State has by the laws of its organization an exclusive right to make wharves, collect wharfage, and regulate wharfage rates, it can charge and collect wharfage, proportionate to their tonnage, from vessels and steamboats mooring and landing at wharves constructed on the banks of a navigable river. Where it is clearly a duty or tax or burden, which in its essence is a contribution claimed for the privilege of entering the port, or remaining in it, or departing from it, imposed by the authority of the State, and measured by the capacity of the vessel, it is conceded to be prohibited. But where it is only a charge for services rendered, or for conveniences provided, it is lawful.   The prohibition to the States against the imposition of a duty of tonnage was designed to guard against local hindrances to trade, and carriage of vessels, not to relieve them from liability to claims for services rendered.   The tax or duty is laid by the sovereign.   The charge for the use of the wharves is made by the proprietor, and it is the same whether made by the State, a municipality, or a private individual.   The Keokuk case, reported in Albany Law Journal, Dec. 1877, p. 390.

The exclusive right to regulate and make improvements to the wharves, and to lease them, having been thus lawfully conferred upon and delegated to the City, it became the private right of the corporation and not subject to divestiture without due legal process and compensation therefor, as contradistinguished from a public right which may be abrogated by the State at its pleasure.   The right to acquire, hold, and

dispose of property, though originally derived by a corporation from the legislature, is not subject to the absolute control of that Body. "The rule upon the subject, says Cooley, we take to be this. Where corporate powers are conferred, there is an implied compact between the State and the corporators, that the property which they are given the capacity to acquire for corporate purposes under their charter, shall not be taken from them and appropriated to other uses. If the State grants property to the corporation, the grant is an executive contract which can not be revoked. The rights acquired, either by such grants or by any other legitimate mode in which such a corporation can acquire property, are vested rights, and can not be taken away." Const. Lim. 238. And another writer thus clearly defines the distinction between the authority of the legislature over public and private rights of a corporation ;—"Over all its civil, political, or governmental powers, the authority of the legislature is in the nature of things supreme, and without limitation, unless the limitation is found in some peculiar provision of the Constitution of the State. But in its proprietary or private character, the theory is that the powers are supposed, not to be conferred primarily or chiefly from considerations connected with the government of the State at large, but for the private advantage of the particular corporation as a distinct legal personality ; and as to such powers, and to property acquired thereunder, and contracts made with reference thereto, the corporation is to be regulated *quoad hoc* as a private corporation, or at least not public in the sense that the power of the legislature over it is omnipotent." Dillon's Munic. Corp. § 39. The Act of 1874 was a partial revocation of the grant previously made to the City, and was not within the power of the legislature to make, for if it could revoke the grant as to vessels of over a hundred tons that were built in a particular place, it could revoke it as to vessels of any tonnage that were built at any place, and thus the legislature would effect the divestiture of a vested right. The State can not take away property or rights of this kind arbitrarily and without process of law or compensation, under the guise of encouraging the building of. water craft within her own borders. If she can give the use of the wharves, free of charge, to boats because they have been built within the State and to encourage that handicraft, she can likewise give them free of charge to every vessel that is manned by natives of the State in order to induce her citizens to become hardy sailors and ' brave the terrors of the deep.' The act, under which the defendants claim exemption from liability to the payment of wharfage, being unconstitutional, is null and void, and judgment was therefore correctly rendered against them and the Steamboat Martha for the sum claimed by the plaintiff.

Judgment affirmed.